was but one issue to be tried—the special agreement for a lease. A motion by plaintiff for judgment upon the pleadings was denied.

[1] The defendants appellants gave proof on an extension of the lease, including alleged dealings with a janitor in plaintiff's employ. The landlord denied the extension and introduced proof in support of such denial. The janitor was not called by either side. The defendants claimed the affirmative, and asked leave to close with the jury on the only issue of fact submitted to the jury; i. e., whether, as alleged in the separate defense set up in the answer, plaintiff and defendant entered into an agreement for the extension of the lease until September 30, 1915. This motion was denied, under exception by the defendant, nothwithstanding the fact that the court in its charge subsequently specifically submitted that issue to the jury, and charged the jury that the burden was upon the defendant to establish such defense by a preponderance of proof, and that, if he failed to do so, they must find a verdict in favor of plaintiff. In a close jury trial, the denial of the right to close is prejudicial error. Lake Ontario Nat. Bank v. Judson, 122 N. Y. 278, 282, 285, 25 N. E. 367.

[2] The learned court also erroneously charged the jury that it was the tenant's duty to call the janitor (who was admittedly in the landlord's employ) to prove the alleged separate defense, and that the failure of the defendant to do so might be considered by the jury. Although this was subsequently somewhat modified in the judge's charge, it was, even in the modified form, so prejudicial to the defendant as to call for a reversal of the order.

The order must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

MISTRETTA v. FAMILIAR ASS'N OF MUT. BENEVOLENCE.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. APPEAL AND ERROR (§ 1177*)—AGREED STATEMENT OF FACTS—REQUISITES.

A judgment rendered upon an agreed statement of facts which is contradictory and confusing, so that the situation of the parties cannot be determined, will be reversed and the cause remanded for a new trial after the statement has been corrected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

2. BENEFICIAL ASSOCIATIONS (§ 18*)—BENEFITS—BY-LAWS.

A member of a fraternal benefit association, who had received a refund of a portion of his dues in lieu of sick benefits, cannot question the validity of a by-law denying sick benefits to nonresident members.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 41–50; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by·Fillippo Mistretta against the Familiar Association of Mutual Benevolence. From a judgment for defendant for the amount of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its counterclaim, less the amount claimed by plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Gerard J. Cuoco, of New York City, for appellant.

Francis Mezzatesta, of New York City, for respondent.

GUY, J.   [1] Plaintiff brought this action to recover the sum of $7 claimed by him to be due from the defendant as a sick benefit for one week's disability.   Defendant set up a counterclaim for $10, awarded it upon the denial of a motion theretofore made by plaintiff for a writ of mandamus.   This counterclaim was allowed, and defendant recovered a judgment for $3.   By the recovery of this judgment the plaintiff has established his right to be paid by defendant the sum of $7 per week as sick benefits, under a certain by-law of the defendant, and this judgment also established a right to receive sick benefits for a like amount to all other members of the defendant similarly situated. The defendant, claiming that plaintiff is not entitled to recover, has appealed, and asks this court for a reversal of the judgment.   The question involved is the validity of the by-law under which plaintiff has now established his right to recover.   The case was heard below, and comes up upon appeal upon an agreed statement of facts.   In paragraph 5 of such statement, it is set forth that plaintiff became a member of the defendant in "September, 1902."   In paragraph 6 it alleges that, "when plaintiff became a member," the dues were 50 cents per month, and that the society was paying "no sick benefits."   In paragraph 7 it alleges that in "January, 1901" (this, it will be observed, is before plaintiff became a member, if the statement in paragraph 5 is true), the defendant employed a physician for the purpose of treating, during illness, the members of the defendant and their families; that the dues were raised to 75 cents per month, the additional 25 cents per month being paid to the physician; that members residing outside of Greater New York, that cannot avail themselves of the services of the society's doctor, should be paid $2 per week during illness; and that this plaintiff then asked that he be refunded $3 per year (25 cents per month) and the further sum of $3.66 each year, in lieu of the $2 weekly if sick; and that this request was granted.   It will be seen from these paragraphs that it is impossible to determine the exact situation regarding the payment of dues at the time the plaintiff became a member, as it is evident that, if he joined in 1902, the by-law of January, 1901, as set forth in paragraph 7 was in force, and the dues were 75 cents per month, whereas it is alleged in paragraphs 5 and 6 that he joined in 1902, and that the dues were then but 50 cents per month. This contradiction might not be very material in determining the validity of the disputed by-law, but it creates confusion, and the case ought not be decided unless all the facts are admitted.

[2] Another more serious situation is also presented.   The plaintiff attacks the validity of a by-law passed in May, 1913, which amended a by-law passed in 1903.   The by-law of 1903 before its amendment provided for the payment of $7 per week sick benefits to all of defend-

ant's members. The amendment of 1913 thereto deprived all members residing outside Greater New York from receiving the $7 per week sick benefits. Paragraph 13 of the agreed statement of facts reads as follows:

"(13) That plaintiff has at no time during his membership received any services from the doctor of the society and, in case of illness, has been compelled to engage a doctor at his own expense, for which at his request, and whether or not the society has refunded to him the money paid by him for the doctor and three and 66/100 ($3.66) in addition yearly."

If therefore, as that paragraph may be reasonably construed as meaning, during the time from the passage of the by-law as stated in paragraph 7 in 1901, up to the time the agreed statement of facts was submitted to the court below, the plaintiff has been receiving from the society "yearly the refund of 25 cents per month and in addition the sum of $3.66 per year in lieu of weekly payments when sick, he would have no right to complain of the refusal of the defendant to pay the $7 per week provided by the by-law of 1903, even if we assume, without herein deciding, that the by-law of 1913 was invalid, and plaintiff would be estopped from recovering in this action. It is substantially admitted by the attorneys for the respective parties herein that such refunding did not continue after the passage in 1913 of the amendment to the by-law of 1903; but we cannot consider statements extrinsic of the record, and, as the decision in this case is likely to affect many others, the statement of facts should be clear and unambiguous. This can be corrected on a new trial.

Judgment reversed, and new trial ordered, without costs of this appeal to either party. All concur.